UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LEWIS LANSIQUOT,

Plaintiff,

-against-

BROWN HARRIS STEVENS,

Defendant.

26-CV-8024 (LLS)

ORDER OF DISMISSAL
WITH LEAVE TO REPLEAD

LOUIS L. STANTON, United States District Judge:

Plaintiff, who is appearing *pro se*, brings this action asserting claims under the New York City and State Human Rights Laws, and under Section 215 of New York Labor Law, which prohibits retaliation against workers for exercising certain rights. The Court understands Plaintiff to be attempting to assert these state law claims under the court's diversity of citizenship jurisdiction. Named as Defendant is Plaintiff's former employer Brown Harris Stevens. By order dated October 9, 2026, the court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. For the reasons set forth below, the Court dismisses the complaint, but grants Plaintiff 30 days' leave to replead his claims in an amended complaint.

**STANDARD OF REVIEW**

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits—to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible—not merely possible—that the pleader is entitled to relief. *Id.*

**BACKGROUND**

Plaintiff, who is a resident of Brooklyn, New York, brings his claims using the court's Employment Discrimination Complaint form. He does not invoke any of the federal employment discrimination statutes listed on the complaint form. He instead checks boxes on the form to assert claims under the New York City and State Human Rights Laws. Plaintiff further states that he is asserting claims for retaliation under New York Labor Law § 215 and "common law [claims] for tortious defamation of character, and intention infliction of bodily injury and severe

cardiovascular trauma." (ECF 1, at 4.)[1] For the facts giving rise to his claims, Plaintiff directs the Court to an "Executive Case Brief" that he attaches to the complaint. (*See id.* at 5.) The following allegations are drawn from that document.

Plaintiff was employed for 21 years by Defendant Brown Harris Stevens, which appears to manage or own the Galleria Condominiums on 57th Street in Manhattan. Property Manager Steve Kukaj engaged in a "multi-year . . . campaign of personal hostility" against Plaintiff in which Kukaj "repeatedly delayed [Plaintiff's] contractually guaranteed overtime appeals." (*Id.* at 10.)

In late 2025, Plaintiff reported Kukaj's "personal payroll manipulation" to HR, after which Kukaj threatened Plaintiff by saying, "So that's the way you want it, then that's the way we're going to play it from now on." (*Id.*)

Kukaj "fabricated a severe, highly damaging, and false accusation" against Plaintiff "involving a standard 10-second building holiday tipping greeting." (*Id.*) Kukaj used this "fake pretext" to "systematically destroy" Plaintiff's reputation and career. (*Id.*) On Jule 5, 2026, Plaintiff was terminated "based entirely on unproven claims." (*Id.*) Plaintiff further alleges that Defendant held "4 weeks of [his] contractually earned vacation pay hostage" to Plaintiff's signing of a "corporate liability waiver," which Plaintiff refused to sign. (*Id.*)

Plaintiff alleges that Defendant's actions have caused him significant stress, including heart problems.

[1] Plaintiff writes using irregular capitalization. For readability, the Court uses standard capitalization when quoting from the complaint. All other spelling, grammar, and punctuation are as in the original unless noted otherwise.

Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") in February 2026. In the complaint, Plaintiff alleges that he received the EEOC's Notice of Right to Sue on June 18, 2026.[2] (*See id.* at 6.)

## DISCUSSION

### A. Subject matter jurisdiction

#### 1. Diversity of citizenship jurisdiction

Plaintiff asserts only claims under state law, which must be brought under the court's diversity of citizenship jurisdiction. Plaintiff, however, does not allege facts demonstrating that the Court has diversity jurisdiction of his state law claims. To establish diversity jurisdiction under 28 U.S.C. § 1332, a plaintiff must first allege that the plaintiff and the defendant are citizens of different states. *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998). For diversity purposes, an individual is a citizen of the State where he is domiciled, which is defined as the place where the individual "has his true fixed home . . . and to which, whenever he is absent, he has the intention of returning." *Palazzo ex rel. Delmage v. Corio*, 232 F.3d 38, 42 (2d Cir. 2000) (internal quotation marks and citation omitted). An individual "has but one domicile." *Id.* A corporation is, however, a citizen "of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1); *see also Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010) (explaining that a corporation's principal place of business is its "nerve center," usually its main headquarters). For purposes of diversity jurisdiction, a limited partnership is deemed to be a citizen of each state of

[2] Plaintiff also alleges that the notice is dated September 16, 2026 (*id.* at 6), almost three months after he received the notice and two days after he filed the complaint commencing this action on September 14, 2026. Plaintiff appears mistaken as to the date that the notice was issued.

which its general and limited partners are citizens.[3] *See Carden v. Arkoma Assocs.*, 494 U.S. 185, 195-96 (1990); *Handelsman v. Bedford Vill. Assocs. Ltd. Partnership*, 213 F.3d 48, 52 (2000)

In addition, to establish diversity jurisdiction, a plaintiff must allege to a "reasonable probability" that the claim is in excess of the sum or value of $75,000.00, the statutory jurisdictional amount. *See* 28 U.S.C. § 1332(a); *Colavito v. N.Y. Organ Donor Network, Inc.*, 438 F.3d 214, 221 (2d Cir. 2006) (citation and internal quotation marks omitted). The sum claimed by a plaintiff will control if the claim of value is made in good faith. *See St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938). The Court can dismiss a diversity action for failing to plead that the amount in controversy exceeds the sum or value of $75,000, but only if there is "a legal certainty from the complaint that the plaintiff cannot recover sufficient damages to invoke [diversity] jurisdiction." *Zacharia v. Harbor Island Spa, Inc.*, 684 F.2d 199, 202 (2d Cir. 1982). "A plaintiff seeking to invoke diversity jurisdiction 'cannot meet its burden of proof with mere conclusory allegations of indirect or speculative value.'" *Chavez v. Maker*, No. 18-CV-7965 (RA) (GWG), 2019 WL 4926348, at *4 (S.D.N.Y. Oct. 7, 2019) (citation omitted), *report & recommendation adopted sub nom.*, *Chavez v. Wylie*, No. 18-CV-7965 (RA), 2019 WL 6873806 (S.D.N.Y. Dec. 17, 2019), *appeal dismissed*, No. 20-383, 2020 WL 4332758 (2d Cir. May 28, 2020); *see Weir v. Cenlar FSB*, No. 7:16-CV-8650 (CS), 2018 WL 3443173, at *12 (S.D.N.Y. July 17, 2018) (reasoning that "the jurisdictional amount, like any other factual allegation, ought not to receive the presumption of truth unless it is supported by facts rendering it plausible" (citation omitted)).

---

[3] Because a limited liability company is not a corporation, the rule for determining the citizenship of a corporation is inapplicable to determining the citizenship of a limited liability company. *See, e.g.*, *Ali v. Am. Univ. of Antigua, Inc.*, No. 1:25-CV-2065 (LTS), 2025 WL 897043, at *4 (S.D.N.Y. Mar. 24, 2025).

Here, Plaintiff alleges that he is a resident of Brooklyn, New York. He provides a New York, New York, address for Defendant, which appears to be an artificial entity. Plaintiff, however, does not allege any facts about Defendant's structure, including, if it is a corporation, the state in which it is incorporated and the state in which it maintains its corporate headquarters, or, if it is a partnership, the citizenship of each of its partners. Furthermore, although Plaintiff seeks money damages, he does not specify the amount he is seeking, and it is unclear from the complaint whether his claims are worth more than the $75,000 jurisdictional threshold.

For these reasons, the Court therefore lacks diversity jurisdiction of this action and dismisses the complaint for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

**2. Federal question jurisdiction**

Although Plaintiff asserts his claims using the court's Employment Discrimination Complaint form, he alleges no facts suggesting he can bring a viable federal employment discrimination claim. Federal employment discrimination statutes, such as Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act of 1990, and the Age Discrimination in Employment Act, prohibit employers from mistreating an individual because of the individual's protected characteristics, such as their race, sex, or disability, *Patane v. Clark*, 508 F.3d 106, 112 (2d Cir. 2007), or retaliating against an employee who has opposed any practice made unlawful by those statutes, *see Crawford v. Metro. Gov't*, 555 U.S. 271, 276 (2009) (holding that conduct is protected when it "confront[s]," "resist[s]," or "withstand[s]" unlawful actions). Mistreatment at work that occurs for a reason other than an employee's protected characteristic or opposition to unlawful conduct is not actionable under these federal antidiscrimination statutes. *See Chukwuka v. City of New York*, 513 F. App'x 34, 36 (2d Cir. 2013) (quoting *Brown v. Henderson*, 257 F.3d 246, 252 (2d Cir. 2001)).

At the pleading stage in an employment discrimination action, "a plaintiff must plausibly allege that (1) the employer took adverse employment action against him, and (2) his race, color, religion, sex, or national origin was a motivating factor in the employment decision." *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 86 (2d Cir. 2015). The plaintiff "may do so by alleging facts that directly show discrimination or facts that indirectly show discrimination by giving rise to a plausible inference of discrimination." *Id.* at 87.

Here, although Plaintiff uses the court's Employment Discrimination Complaint form and alleges that he filed a charge of discrimination with the EEOC, he does not invoke any of the federal employment discrimination statutes and he alleges no facts suggesting that his employer took an adverse employment action against him and that his race, color, religion, sex, national origin, or disability was a motivating factor in any such employment decision. The Court therefore cannot construe the complaint as asserting claims under any federal employment discrimination statute that could support the Court's having federal question jurisdiction of this action.

**B. Leave to amend is granted**

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Because Plaintiff may be able to allege additional facts to demonstrate that the Court has diversity of citizenship jurisdiction of his state

law claims or to state a federal employment discrimination claim of which the Court would have federal question jurisdiction, the Court grants Plaintiff 30 days' leave to amend his complaint to cure the deficiencies identifies above.

If Plaintiff does not file an amended complaint within the time allowed, the Court will direct the Clerk of Court to enter judgment in this action.

**CONCLUSION**

The Court dismisses the complaint, filed IFP under 28 U.S.C. § 1915(a)(1), for lack of subject matter jurisdiction, *see* Fed. R. Civ. P. 12(h)(3), with 30 days' leave to replead.

The Court directs the Clerk of Court to hold this matter open on the docket until a civil judgment is entered.

SO ORDERED.

Dated: October 20, 2026
New York, New York

Louis L. Stanton
Louis L. Stanton
U.S.D.J.